UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| EDWARD C. DANIEL,            )<br>                              )<br>         Petitioner,          )<br>   v.                         )<br>                              )<br> RICHARD BIRKEY, Warden,       )<br>                              )<br>         Respondent.          ) | Case No. 09-CV-2285 |

## OPINION

This case is before the court for ruling on the pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (#1) filed by Petitioner, Edward C. Daniel. After careful consideration of Petitioner's Petition (#1), Respondent's Answer (#30), Petitioner's Reply (#31) and all of the supporting exhibits filed by the parties, Petitioner's Petition (#1) is DENIED.

BACKGROUND

Following a jury trial in May 2006, Petitioner was convicted of unlawful delivery of a controlled substance and unlawful possession of a controlled substance with intent to deliver. At trial, Officer Jeff Martin testified that he used an informant, Calvin Smith, to set up a controlled buy of heroin on January 9, 2006, at approximately 8 p.m. Smith agreed to contact Petitioner to ask to purchase heroin, and police set up surveillance at Smith's residence. Officer Martin searched Smith prior to the transaction and gave Smith prerecorded bills totaling $50 to purchase the drugs. Petitioner drove to Smith's house, and Smith walked out to Petitioner's car. After meeting with Petitioner, Smith returned to Martin's vehicle and handed him three plastic baggies containing heroin and dormin pills. Martin testified that dormin is a drug often mixed with heroin. Martin radioed the other officers that the transaction was complete and Officer Dustin Brown initiated a

traffic stop and arrested Petitioner. Brown conducted a pat-down search of Petitioner and discovered $450 on his person. Later, during a strip search at the jail, police found 17 more bags of heroin and dormin pills hidden under Petitioner's clothes. The prerecorded $50 was found in Petitioner's car. When police called the phone number Smith used to arrange the transaction, the cellular telephone in Petitioner's possession at the time of his arrest rang.

Calvin Smith did not testify at trial. However, Martin acknowledged during his testimony that Smith's participation was motivated by the fact that Smith had been arrested for possession of a hypodermic needle and a dormin pill. Martin also testified that Smith was paid for his cooperation. In closing argument, Petitioner's counsel argued that Smith could have concealed drugs on his body and set up Petitioner with a fake drug buy in order to get himself out of his own legal troubles.

Prior to trial, the indictment against Petitioner was amended, without objection from Petitioner's counsel. Count I of the original indictment charged Petitioner with a Class X felony and alleged that Petitioner:

> committed the offense of UNLAWFUL DELIVERY OF A CONTROLLED SUBSTANCE WITHIN 1,000 FEET OF A PUBLIC PARK, in that said defendant, while within 1,000 feet of the real property comprising Snow Park, a public park located in the 100 block of North Hobbie Avenue in the City of Kankakee, knowingly and unlawfully delivered to a confidential source, in violation of Chapter 720, Paragraph 570/401(c)(1) of the Illinois Compiled Statutes, 1 or more grams, but not less than 15 grams, of a substance containing heroin, a controlled substance, other than as authorized in

2

the Illinois Controlled Substances Act, in violation of Chapter 720,

Paragraph 570/407(b)(1) of the Illinois Compiled Statutes.

Count II of the original indictment charged Petitioner with a Class 1 felony and alleged that Petitioner "committed the offense of UNLAWFUL POSSESSION OF A CONTROLLED SUBSTANCE WITH THE INTENT TO DELIVER, in that said defendant knowingly and unlawfully possessed, with the intent to deliver, 1 gram or more, but less than 15 grams, of a substance containing heroin, a controlled substance, other than as authorized in the Illinois Controlled Substances Act, in violation of Chapter 720, Paragraph 570/401(c)(1) of the Illinois Compiled Statutes."

Before the jury was selected, the prosecutor asked to amend Count I of the indictment and stated that he wanted to proceed on a charge of delivery of a controlled substance without reference to the delivery being within 1,000 feet of a public park. He stated that Count I was also being amended to state that the amount delivered was less than one gram, in violation of 401(d) of the Illinois Controlled Substances Act. Petitioner's counsel stated that he had no objection and further stated that the amended charge was a Class 2 felony. The record shows that the original indictment against Petitioner was amended by making handwritten corrections. The indictment, as amended, has the language regarding a public park crossed out and the amount of the controlled substance in both Count I and Count II crossed out and "less than 1 gram" written in.

At sentencing, the trial court reviewed Petitioner's lengthy criminal history, which it described as "remarkable," and stated that Petitioner had "virtually zero potential for rehabilitation." The court then sentenced Petitioner to two concurrent terms of 30 years of imprisonment. The judgment entered by the trial judge shows that Petitioner was sentenced to 30 years on Count I and

3

Count II, both of which were Class 2 felonies.

Petitioner, through appointed counsel, filed a direct appeal and raised three issues: (1) his conviction for unlawful possession with intent to deliver was invalid under Illinois's "one act, one crime" doctrine; (2) the trial court improperly considered his failure to exercise his right to allocution during the sentencing hearing; and (3) he was entitled to credit against his fines for time spent in presentencing custody. The Appellate Court, Third District, affirmed Petitioner's convictions and sentence, but modified the sentencing order to reflect $810 in credit against his fines. People v. Daniel, Case No. 3-06-0557 (April 1, 2008) (unpublished order).

Petitioner filed a lengthy pro se petition for leave to appeal (PLA) to the Illinois supreme court raising numerous issues which had not been raised in his appeal. The PLA was denied on September 24, 2008.

On April 11, 2007, while his direct appeal was pending, Petitioner filed a pro se petition for relief from judgment pursuant to 735 Ill. Comp. Stat. 5/2-1401. Petitioner claimed that the charging instrument in his case was "defective, void and erroneous." The trial court dismissed the petition and Petitioner appealed. On appeal, Petitioner's appointed counsel filed a motion in accordance with Pennsylvania v. Finley, 481 U.S. 551 (1987). Petitioner's counsel stated the appeal presented no issues of merit and asked to be permitted to withdraw. On December 20, 2007, the Appellate Court, Third District, allowed counsel to withdraw and affirmed the dismissal of Petitioner's petition, finding that to continue the appeal would not possibly result in success and would be wholly frivolous. People v. Daniel, Case No. 3-07-0354 (2007) (unpublished order). Petitioner did not file a PLA with the Illinois supreme court.

On December 1, 2008, Petitioner filed a pro se petition for post-conviction relief. Petitioner

4

listed eight issues. Among other things, Petitioner claimed that his trial counsel was ineffective for failing to file a motion to produce the informant and his appellate counsel was ineffective for failing to raise the issue on appeal. He also argued that was denied his right to confront and cross-examine Smith and impeach him with evidence that he had been arrested or charged with a crime. In addition, Petitioner claimed that his trial and appellate counsel were ineffective for failing to argue that the trial court improperly allowed the State to amend the indictment. Petitioner argued that "[a]s matters finally stood, the petitioner was charged and convicted on unlawful amendments to the indictment." Petitioner argued that the State was required to return to the grand jury in order to make changes to the indictment and his conviction must be reversed.

On February 14, 2009, the trial court denied the post-conviction petition, finding that it was frivolous and patently without merit. Petitioner appealed. Again, his appointed counsel filed a <u>Finley</u> motion requesting that counsel be permitted to withdraw because an appeal in this cause would be frivolous. Petitioner's counsel noted that Petitioner based several of his ineffective assistance of counsel claims on the fact that the informant, Calvin Smith, did not testify at trial. Petitioner's counsel noted that Petitioner did not include any facts or argument showing that Smith had any favorable testimony to offer. Petitioner's counsel also discussed Petitioner's argument that, if Smith had been called as a witness, he could have been impeached with his motive to testify falsely. Petitioner's counsel noted, however, that the jury was presented with testimony that Smith's cooperation was precipitated by his arrest for possession of a hypodermic syringe and a dormin pill and that Smith was paid for his assistance in Petitioner's case. In discussing Petitioner's claim that the prosecutor should not have been allowed to amend the indictment prior to trial, Petitioner's counsel noted that the result of the amendment was that both charges against Petitioner were reduced

5

to Class 2 felonies. Petitioner's counsel further noted that it is well settled that an indictment on a greater offense implicitly charges the defendant with all lesser included offenses. Petitioner's counsel concluded that the State could properly amend the indictment without returning to the grand jury because no additional evidence was necessary to prove up additional elements and any argument to the contrary would be patently frivolous and wholly without merit.

On April 14, 2010, the Appellate Court, Third District, allowed Petitioner's counsel to withdraw and affirmed the denial of his post-conviction petition. People v. Daniel, Case No. 3-09-0176 (2010) (unpublished order). In doing so, the court concluded that Petitioner's post-conviction petition was properly dismissed and there were no arguable errors to be considered on appeal. The court stated that a review of the record revealed that Petitioner's arguments "were either conclusory, positively rebutted by the record, or contrary to the law governing postconviction proceedings." Daniel, Case No. 3-09-0176, at *3. Petitioner filed a PLA with the Illinois supreme court and argued, among other things, that the trial court improperly allowed the State to amend the indictment, that he was denied the opportunity to cross-examine the informant, who did not testify, and that defense counsel was ineffective for failing to file a motion to produce the informant. The PLA was denied on September 29, 2010.

PETITION UNDER 2254

On November 3, 2009, Petitioner sent his pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (#1) to the Northern District of Illinois. On November 20, 2009, the case was transferred to this court. On June 21, 2010, this court entered an Opinion (#20) and granted the Motion to Dismiss (#14) filed by Respondent. This court dismissed the Petition without prejudice, with leave to refile after the conclusion of state court proceedings.

After the Illinois supreme court denied his PLA on September 29, 2010, Petitioner filed a Motion to Reinstate Case (#22). On November 8, 2010, this court entered an Order (#24) and reinstated Petitioner's case. On March 25, 2011, Respondent filed his Answer (#30) and supporting exhibits. On April 18, 2011, Petitioner filed a Reply (#31) and supporting exhibits.

ANALYSIS

I. ISSUES RAISED

In his Petition before this court, Petitioner listed 17 claims. However, this court agrees with Respondent that Petitioner has actually raised three claims: (1) trial counsel provided ineffective assistance by failing to file a motion to produce the informant, Calvin Smith, and appellate counsel provided ineffective assistance by failing to raise the argument on appeal; (2) the trial court did not allow his counsel to cross-examine Smith before the jury in violation of his constitutional right to confront the witnesses against him; and (3) the indictment was improperly amended.

In his Answer, Respondent argued that all but one of Petitioner's claims have been procedurally defaulted. This court concludes, however, that Petitioner adequately raised these claims in the state court. Further, the statute provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(a)(2). As thoroughly explained below, Petitioner's claims are completely without merit and may be denied on that basis. Therefore, this court does not need to discuss the issue of procedural default.

II. RULING ON MERITS

Because Petitioner filed his habeas petition after April 24, 1996, the petition is reviewed pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Lindh v. Murphy,

521 U.S. 320, 336 (1997); Rodriguez v. Scillia, 193 F.3d 913, 916 (7th Cir. 1999). Under the AEDPA, "if a state court adjudicated a constitutional claim on the merits, then a federal court may grant habeas relief only if the state court decision was contrary to, or involved an unreasonable application of, Supreme Court precedent or if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding." Daniels v. Knight, 476 F.3d 426, 433 (7th Cir. 2007), citing 28 U.S.C. § 2254(d). This "highly deferential standard for evaluating state-court rulings" imposed by the AEDPA "demands that state-court decisions be given the benefit of the doubt." Woodford v. Visciotti, 537 U.S. 19, 24 (2002).

## A.  INFORMANT

Petitioner argues that his trial counsel was ineffective for failing to file a motion to produce the informant and that his appellate counsel was ineffective for failing to raise this argument on direct appeal. Petitioner raised these issues in his post-conviction petition. He appealed the denial of the post-conviction petition and his appointed counsel filed a motion to withdraw pursuant to Finley. In discussing this issue in the motion to withdraw, Petitioner's counsel noted that Petitioner did not include any facts or argument showing that Smith had any favorable testimony to offer. The Appellate Court, Third District, granted Petitioner's counsel's motion to withdraw and affirmed the denial of the post-conviction petition. Under the circumstances here, this court concludes that the decision by the appellate court was a merit-based rejection of all claims presented in the post-conviction petition. See Wilkinson v. Cowan, 231 F.3d 347, 351 (7th Cir. 2000). Therefore, this court must determine whether the appellate court's rejection of Petitioner's ineffective assistance of counsel claim was contrary to, or involved an unreasonable application of, Supreme Court precedent.

In <u>Strickland v. Washington</u>, 466 U.S. 668, 686 (1984), the United States Supreme Court stated that the benchmark for judging a claim of ineffective assistance of counsel is whether "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." A claim of ineffective assistance of counsel therefore requires a showing that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. <u>Strickland</u>, 466 U.S. at 687. As an applicant for habeas relief, it is Petitioner's burden to show that the state court applied <u>Strickland</u> to the facts of his case in an objectively unreasonable manner. <u>Woodford</u>, 537 U.S. at 25. The bar for establishing that a state court's application of the <u>Strickland</u> standard was "unreasonable" is high. <u>Murrell v. Frank</u>, 332 F.3d 1102, 1111 (7th Cir. 2003). Only a "clear error" in applying <u>Strickland</u>'s standard would support a writ of habeas corpus. <u>Daniels</u>, 476 F.3d at 435.

This court concludes that Petitioner has not come close to showing that his trial counsel was ineffective for failing to file a motion to produce Calvin Smith to testify at trial and that his appellate counsel was ineffective for failing to raise this issue on direct appeal. This court agrees with Petitioner's appointed counsel that Petitioner has not shown that Smith would have had any favorable testimony to offer at trial. Based upon the <u>Strickland</u> standard, the appellate court appropriately concluded that Petitioner's claims of ineffective assistance of counsel are without merit. Therefore, Petitioner is not entitled to habeas relief on this basis.

## B. CROSS-EXAMINATION

Petitioner has also raised a related claim, that he was denied his constitutional right to confront witnesses because Smith was not called as a witness at trial and subjected to cross-examination. In his post-conviction petition, Petitioner argued that he was denied his constitutional

9

right to confront Smith and impeach Smith's credibility. His appointed counsel concluded that it would be frivolous to raise this issue on appeal because the jury was presented with testimony that Smith's cooperation was precipitated by his prior arrest and that Smith was paid for his assistance in Petitioner's case. The appellate court allowed Petitioner's motion to withdraw and affirmed the denial of Petitioner's post-conviction petition, which this court concludes was a merits-based rejection of this claim. See Wilkinson, 231 F.3d at 351. This court concludes that Petitioner has not shown that the appellate court's rejection of this claim was contrary to, or an unreasonable application of, clearly established United States Supreme Court precedent.

The confrontation clause of the Sixth Amendment states: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." Michigan v. Bryant, ___ U.S. ___, 131 S. Ct. 1143, 1152 (2011). The Supreme Court has held that this bedrock procedural guarantee applies to both federal and state prosecutions. Crawford v. Washington, 541 U.S. 36, 42 (2004). The Supreme Court has explained, however, that the confrontation clause "applies to 'witnesses' against the accused-in other words, those who 'bear testimony.'" Crawford, 541 U.S. at 51.

In this case, Smith did not testify and Martin testified regarding Smith's actions, not his statements. Therefore, Smith was not a "witness" for Sixth Amendment purposes. See United States v. Nettles, 476 F.3d 508, 518 (7th Cir. 2007). Accordingly, there was no violation of Petitioner's right to confrontation. See Nettles, 476 F.3d at 518; see also Mikels v. Evans, 2009 WL 87462, at *5 (N.D. Ill. 2009). This court additionally notes that the evidence Petitioner has complained he was not able to use to cross-examine Smith for impeachment purposes was actually presented to the jury. Petitioner is not entitled to habeas relief on this basis.

## C. AMENDED INDICTMENT

Petitioner has also included lengthy claims that his constitutional rights were violated when the indictment against him was amended without returning to the grand jury. Petitioner raised claims regarding the amendment to the indictment in his post-conviction petition, and the denial of his post-conviction petition was affirmed by the appellate court.

The record shows that the indictment against Petitioner was amended prior to trial. Count I, which originally charged Petitioner with a Class X felony, was amended to omit language which alleged that the delivery of a controlled substance occurred within 1,000 feet of a public park and also was amended to lower the amount of the controlled substance involved in the delivery. Count II, which originally charged Petitioner with a Class 1 felony, was amended to lower the amount of the controlled substance Petitioner possessed with the intent to deliver. Following the amendment, Petitioner was charged with two Class 2 felonies rather than a Class X felony and a Class 1 felony. Petitioner's counsel did not object to the amendment to the indictment and it is hard to see how Petitioner was harmed by these amendments to the indictment. In his Petition, Petitioner argued that he was prejudiced because:

> It was the grand jury[']s decision whether, on the facts presented to it, to prosecute. If it had known that the facts presented only justified prosecution for a lesser offen[s]e, it may have decided that petitioner['s] conduct was not so egregious as to warrant the expense of a criminal prosecution. If asked to amend and charge a lesser offen[s]e, it might have decided to forego prosecution completely.

This court does not find this speculative argument at all persuasive. More importantly, Petitioner's

11

argument is completely without merit based upon the applicable law.

First of all, Petitioner did not have a right under the Fifth Amendment to be prosecuted by grand jury indictment in connection with his state law offenses. Echevarria v. United States, 688 F. Supp. 2d 805, 808 (N.D. Ill. 2010) ("ever since the Supreme Court's decision in *Hurtado v. California*, 110 U.S. 516, 4 S. Ct. 111, 28 L. Ed. 232 (1884), it has been settled beyond peradventure that the Fifth Amendment's Grand Jury Clause does not apply to the states"). The Seventh Circuit has stated:

> A federal court may grant habeas corpus relief to state prisoners only for violations of federal law. [Citations omitted.] [The defendant] had no federal constitutional right to be indicted by a grand jury, so an allegation that an indictment amendment violated his right to be indicted by a grand jury should not be sufficient grounds to grant habeas corpus.

Bae v. Peters, 950 F.2d 469, 477 (7th Cir. 1991); see also Bradley v. Gaetz, 2009 WL 691261, at *4 (S.D. Ill. 2009). Petitioner has no right to habeas relief based upon a claim that the amendment to his indictment had to be submitted to the grand jury.

While Petitioner had no federal constitutional right to be indicted by a grand jury, Petitioner was entitled to adequate notice of the charges against him so that he could defend himself against the charges. See Kaczmarek v. Rednour, 627 F.3d 586, 596 (7th Cir. 2010), cert. denied, 131 S. Ct. 1826 (2011); Bae, 950 F.2d at 478. This right to notice is applicable to the states through the due process clause of the Fourteenth Amendment. See Kaczmarek, 627 F.3d at 596.

This court concludes that the amendments to the indictment in this case, which lowered the

offense level of the charges, did not alter or expand the scope of the indictment and did not violate Petitioner's constitutional rights. See Kendrick v. McCann, 2010 WL 3700233, at *12-13 (N.D. Ill. 2010) (petitioner's constitutional rights were not implicated when indictment was amended at the close of the evidence but before closing arguments to add phrase "or threat of force" to sexual assault allegations); Hindson v. Walls, 2005 WL 1323346, at *17 (N.D. Ill. 2005) (petitioner did not suffer any prejudice and his constitutional rights were not violated when the indictment was amended prior to trial to allege aggravated criminal sexual assault rather than predatory criminal sexual assault). Petitioner in this case had notice of the charges against him and a full opportunity to defend against the charges. See Kendrick, 2010 WL 3700233, at *13; Hindson, 2005 WL 1323346, at *17. Petitioner's defense theory, that he was set up by the confidential informant, Smith, was not in any way undermined by the amendments to the indictment. See Kendrick, 2010 WL 3700233, at *13.

For all of the reasons stated, Petitioner is not entitled to habeas relief based upon his arguments regarding the amendments made to the indictment.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final judgment adverse to a habeas petitioner. A petitioner may appeal a district court's denial of a writ of habeas corpus only when the petitioner has been issued a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1). To obtain a COA, a habeas petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

This court concludes that Petitioner has not made a substantial showing of the denial of any

constitutional right. Therefore, this court concludes that a COA is unwarranted.

   IT IS THEREFORE ORDERED THAT:

   (1) Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (#1) is DENIED.

   (2) A certificate of appealability is DENIED.

   (3) This case is terminated.

      ENTERED this 18th day of May, 2011

        **s/ Michael P. McCuskey**
        MICHAEL P. McCUSKEY
        CHIEF U.S. DISTRICT JUDGE